FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAKE SHREVES,<br><br>               Plaintiff,<br><br>    v.<br><br>FRONTIER RAIL CORPORATION and YAKIMA CENTRAL RAILWAY CORPORATION,<br><br>               Defendants. | No.   1:19-cv-03012-SMJ<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant Frontier Rail Corporation's Motion for Dismissal under FRCP 12(b), ECF No. 12. Plaintiff Jake Shreves opposes the motion. ECF No. 15. As the Court finds that oral argument is not warranted under Local Civil Rule 7(i)(3)(B)(iii), the Court considered the motion without oral argument on the date signed below. Having reviewed the briefs and the file in this matter, the Court is fully informed and denies the motion.[1]

**BACKGROUND**

On or about January 28, 2016, Plaintiff was performing his job duties for

---

[1] The Court exercises its discretion and declines to consider any materials outside the pleadings in deciding this motion. Thus, the motion shall not be converted to a summary judgment motion.

ORDER DENYING MOTION TO DISMISS **-** 1

Defendants near Harrah, Washington. ECF No. 10 at 3. As Plaintiff walked on or next to the railroad tracks, he fell into a hole and sustained severe injuries. *Id.* In or about February 2016, Plaintiff sustained new or exacerbated injuries when he fell due to uneven or poorly maintained terrain while performing his job duties for Defendants near Finley, Washington. *Id.* These worksites are owned, operated, controlled, or maintained by Defendants. *Id.*

Plaintiff notified or attempted to notify Defendants of his work-related personal injuries sustained in January and February 2016. *Id.* He also sought and received medical attention for his work-related personal injuries and notified or attempted to notify Defendants of such medical attention. *Id.*

In 2015 and 2016, Plaintiff reported to Defendants hazardous safety and security conditions and concerns, including issues he believed constituted violations of laws, rules, and regulations. *Id.* at 4. He refused to work or authorize the use of equipment, track, or structures when confronted by a hazardous safety or security condition related to the performance of his duties. *Id.*

Because he sustained and reported a work-related personal injury, Defendants denied Plaintiff a bonus payment to which he would have otherwise been entitled. *Id.* On or about March 1, 2016, Defendants terminated Plaintiff's employment. *Id.*

At or about the time of his termination, Defendants made false or defamatory

ORDER DENYING MOTION TO DISMISS **-** 2

statements about Plaintiff to other employees and third parties, including falsely accusing him of stealing gas and stating he was armed and dangerous. *Id.* at 5. Defendants attempted to coerce other employees into providing false, incriminating evidence against Plaintiff and took disciplinary action against those other employees when they refused to do so. *Id.*

On March 12, 2019, Plaintiff filed his Second Amended Complaint. ECF No. 10. He seeks to recover damages for injuries and other relief under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* and the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109. *Id.* On April 22, 2019, Defendant Frontier Rail Corporation filed the instant motion to dismiss. ECF No. 12.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). The Court accepts as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Frontier moves for dismissal under Rule 12(b)(6), arguing Plaintiff cannot maintain FELA and FRSA claims against it because there was no employment relationship between them. ECF No. 12 at 1. In other words, it argues it was never Plaintiff's employer. *Id.* It further argues that because it is not a common carrier, a statutory requirement for FELA and FRSA claims, Plaintiff's claims against it must fail. *Id.*

In support of its first argument regarding the lack of employer-employee relationship, it offers payroll records and an employee list, as well as a declaration from Paul Didelius, Frontier's president. In support of its second argument that it is

not a common carrier, it again references Didelius's declaration, as well as a copy of a determination by the U.S. Railroad Retirement Board apparently stating that Frontier is not a railroad.

As the Court declines to consider these extraneous materials outside the pleadings, the Court accepts as true Plaintiff's allegations that he was employed by Frontier and that Frontier is a rail carrier engaged in interstate commerce. *See* ECF No. 10 at 2, 6, 9. Accordingly, Plaintiff pleads sufficient factual content that allows the Court to draw the reasonable inference that Frontier is liable for the misconduct alleged. Subsequent fact discovery[2] will reveal whether Plaintiff's claims against Frontier will pass muster, at which point these arguments may be revisited.

Accordingly, **IT IS HEREBY ORDERED**:

> Defendant Frontier Rail Corporation's Motion for Dismissal under FRCP 12(b), **ECF No. 12**, is **DENIED**. The related request for fees and costs is also denied.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 12th day of June 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

---

[2] The sheer fact that the parties dispute the relationship between Frontier and Defendant Yakima Central Railway is an indication that discovery is necessary.

ORDER DENYING MOTION TO DISMISS **-** 5