FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAKE SHREVES,<br><br>                Plaintiff,<br><br>v.<br><br>FRONTIER RAIL CORPORATION and YAKIMA CENTRAL RAILWAY CORPORATION,<br><br>                Defendants. | No.   1:19-cv-03012-SMJ<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |

Before the Court is Defendants Frontier Rail Corporation and Yakima Central Railway Corporation's Motion for a Protective Order, ECF No. 33. Having reviewed the record and the file in this matter, the Court is fully informed. For the reasons set forth below, the Court grants Defendants' motion and incorporates the proposed protective order with limited exception.

## BACKGROUND

Plaintiff brought this action under the Federal Employer's Liability Act (FELA) to recover for injuries he sustained after allegedly falling into a hole near railroad tracks while he alleges he was acting as an employee of Defendants. *See*

ORDER GRANTING MOTION FOR PROTECTIVE ORDER - 1

ECF No. 10 at 3–7. Plaintiff also brought claims under the Federal Railroad Safety Act (FRSA) alleging he was terminated in retaliation for reporting his workplace injury and hazardous workplace conditions. *See generally* ECF No. 10.

The parties have begun to engage in discovery and propounded requests for production of documents. *See, e.g.*, ECF No. 37-4. Defendants represent they have sought discovery regarding Plaintiff's medical history, including requests for production of medical records and subpoenas to Plaintiff's medical providers. ECF No. 33 at 3–4. Plaintiff sought production of several categories of documents, including Defendants' "corporate structure and ownership" and "year-end profit/loss statement[s]" as well as "Plaintiff's entire, unredacted, personnel file," and "each and every document and communication . . . between [the Occupational Safety and Health Administration ("OSHA")] and/or the Department of Labor and [Defendants or defense] counsel in connection with Plaintiff's OSHA Complaint under the FRSA." *See* ECF No. 37-5.

On November 11, 2019, defense counsel emailed Defendants' discovery responses to Plaintiff's counsel. ECF No. 34-1 at 7. Defense counsel also attached a proposed stipulated protective order intended to govern the production of confidential information in discovery. *Id.*; *see also* ECF No. 33-1 (proposed protective order). Four days later, Plaintiff's counsel responded. *Id.* at 6. Plaintiff's counsel declined to stipulate to the proposed protective order because Defendants

failed to provide justification for it. *Id.* Plaintiff's counsel also described Defendants' discovery responses as "ridiculous" and wrote that if defense counsel was "confused, or unsure how to comply with the federal rules, please let me know and I will be happy to provide you with some guidance." *Id*. at 7.

Several days later, defense counsel responded that a protective order was necessary to protect "confidential business information" as well as information about individuals not party to the litigation. *Id.* at 5. Defense counsel also made clear the proposed protective order applied equally to confidential documents produced by Plaintiff, namely Plaintiff's medical records. *Id*. Plaintiff's counsel replied twenty minutes later, again declining to stipulate to the protective order, and reiterating Plaintiff's position that Defendant's discovery responses were "full of improper and unsubstantiated boilerplate objections." *Id.* at 4.

The next day, defense counsel responded that he hoped to reach agreement to avoid unnecessary motions practice and to protect against "dissemination of confidential business information and personal information." *Id.* at 3. Plaintiff's counsel replied:

//

//

//

//

ORDER GRANTING MOTION FOR PROTECTIVE ORDER - 3

> So here's how this actually works. As the party seeking a protective order, the burden is yours to demonstrate that one is necessary. That requires you to specify what exactly you feel needs to be protected. So for example, you literally have to identify whatever the document is, what the document contains that you think makes it subject to a protect [sic] order, and why there would be harm to your client in the absence of a protective order. You are trying to do this in reverse and you simply are not going to get agreement from us by making vague references to confidential business information and personal information.
>
> Quit screwing around and wasting everyone's time. Fix your discovery responses to reflect the fact that you all have law degrees and a rudimentary understanding of the [Federal Rules of Civil Procedure]. And if you manage to make some actual showing of a need for a protective order we can discuss then. But the time for you to do so is quickly running out because we are ready to file our motion to compel.

*Id.* at 3.

Defense counsel responded and once again stated Defendant's desire to reach agreement without the Court's involvement. *Id.* at 2. Plaintiff's counsel responded: "You have not identified anything that needs to be protected. Please stop emailing on this subject." *Id.* The parties exchanged a similar pair of emails but failed to reach a solution. *Id.* at 1.

On November 22, 2019, Defendant moved for a protective order. *See* ECF No. 33. Defendants represent one is needed because the employment relationship between Plaintiff and Defendants is disputed and will necessitate discovery of confidential business information. *Id.* at 7. Defendants also contend discovery will include private information of current and past employees who are not party to the

ORDER GRANTING MOTION FOR PROTECTIVE ORDER - 4

litigation, as well as Plaintiff's private health records. *Id.* at 8.

Plaintiff argues a protective order is unnecessary because Defendants have not identified any information warranting protection and because their discovery responses include "boilerplate objections." ECF No. 36 at 2. Plaintiff also argues Defendants failed to engage in a meaningful "meet-and-confer" before moving for a protective order. *Id.* at 3–5. As such, Plaintiff requests an award of fees and costs incurred in briefing his response to Defendants' motion, contending Defendants' conduct is "at the height of bad faith." *Id.* at 10.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This is a liberal standard, and information "need not be admissible in evidence to be discoverable." *Id*. But the right to discover relevant information is neither absolute nor immune from restriction. Accordingly, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by prescribing the terms under which discovery is provided. Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order "bears the burden of showing specific prejudice or harm will result if no protective order is granted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) ((citing

*Beckman Indus., Inc. v. Intern. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Broad and unsubstantiated concerns premised on conjecture are insufficient. *Id.* If the moving party establishes good cause warrants a protective order, the Court must weigh "the public and private interests to decide whether a protective order is necessary." *Id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). The Court is vested with "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## DISCUSSION

### A.   Defendants satisfied the meet-and-confer requirement

Prior to bringing a motion for a protective order, a litigant must meet and confer with the opposing party "in an effort to resolve the dispute without court action," or at least attempt to do so. Fed. R. Civ. P. 26(c)(1). Plaintiff contends Defendants failed to engage in a "meaningful" meet-and-confer and are therefore prohibited from seeking the Court's intervention. ECF No. 36 at 3.

Having reviewed the record in this matter, the Court concludes Defendants attempted in good faith to meet-and-confer before moving for a protective order. On no fewer than four occasions, defense counsel invited Plaintiff's counsel to discuss the proposed protective order, and the evidence Defendants believed necessitated it, over the phone. *See* ECF No. 34-1 at 1–7. Plaintiff's responses to

those invitations were consistently hostile and unprofessional.[1] *See, e.g., id.* at 3 ("Fix your discovery responses to reflect the fact that you all have law degrees and a rudimentary understanding of the [Federal Rules of Civil Procedure]."). At one point, Plaintiff's counsel told defense counsel to *cease* further attempts to discuss the proposed protective order and arranging a time to meet and confer. *See id.* at 2 ("You have not identified anything that needs to be protected. Please stop emailing on this subject.").

To satisfy the meet-and-confer requirement of Rule 26(c)(1), defense counsel needed only "attempt[] to confer" in good faith with opposing counsel. Defense counsel was not obligated to, as Plaintiff appears to contend, provide or describe specific, individualized documents or information warranting a protective order. *See* ECF No. 36 at 3–4. Even if defense counsel were so obligated, it is possible

---

[1] The Court wishes to emphasize that conduct such as Plaintiff counsel's reflected in the email exchange with defense counsel is unacceptable and will not be tolerated moving forward. *See generally* ECF No. 34-1. Counsel practicing before this Court are to conduct themselves with fairness and civility. *See* ECF No. 30 at 15; *see also* LCivR 83.1(j)(1) ("I will be courteous and fair."), (5) ("I will always conduct myself professionally, as if I were in the presence of a judge."). Plaintiff's counsel, admitted *pro hac vice*, is held to this standard, yet his responses to defense counsel's emails fell below it.

Plaintiff's counsel attributes his conduct to "irritation and aggravation" with "obstructionist discovery behavior." ECF No. 36 at 4. The proper method to obtain relief for those frustrations is a motion filed with the Court, not berating or belittling the qualifications of opposing counsel. Plaintiff's counsel is therefore warned that continued open hostility or discourteous conduct, regardless of to whom it is directed or how it is justified, will result in sanctions.

ORDER GRANTING MOTION FOR PROTECTIVE ORDER - 7

defense counsel would have offered greater detail about the evidence for which Defendant sought protections during a telephonic meet-and-confer. Plaintiff's counsel repeatedly spurned defense counsel's offers to engage in such discussions. The Court will not now entertain his complaints that defense counsel failed to try.

### B. Defendants have shown good cause for a protective order

The Court finds Defendants have shown good cause for a protective order. Plaintiff has propounded requests for sensitive information regarding Defendants' businesses, including their organizational and ownership structures and financial records. ECF No. 37-5 at 3, 8. The Court credits Defendants' argument that dissemination of this information outside the litigation could result in competitive harm. *See* ECF No. 38 at 8–9 ("Defendants are operating small businesses in a highly competitive environment and must protect themselves from competitors who may attempt to assume control of their customers and impact their financial livelihoods."). Moreover, the Court finds the risk has been established with the requisite particularity. Defendants need not produce every document which may be covered by the protective order to obtain reasonable protections against unnecessary disclosure.

Plaintiff's opposition to Defendants' motion is directed primarily at what Plaintiff perceives to be "obstructionist discovery behavior" including vague and overbroad objections to Plaintiff's discovery requests. *See* ECF No. 36 at 4.

However, the proposed protective order would in no way obstruct Plaintiff's access to discoverable evidence. Rather, it will prohibit the inappropriate dissemination of confidential material, and in that way facilitate, rather than hamper, the discovery process.[2] *See* ECF No. 38 at 1–3. Indeed, the Court agrees with Defendants that "[i]t is not clear from Plaintiff's Opposition why Plaintiff opposes the proposed protective order" as "[t]here are no provisions cited that Plaintiff believes are unfair or unduly restricting." *Id.* at 2–3. The proper avenue to challenge Defendants' discovery requests is a motion to compel, which Plaintiff's counsel repeatedly threatened to file in his emails to defense counsel. *See, e.g.*, ECF No. 34-1 at 3 ("[T]he time for [Defendant] to ["fix" its discovery responses] is quickly running out because we are ready to file our motion to compel."). Those arguments are not well taken here and are insufficient to establish that a protective order is unwarranted.

Having found good cause exists to enter a protective order, the Court also finds the balance of the public and private interests tips in favor of a protective order. *Phillips*, 307 F.3d at 1210–11. Though the public's interest in open judicial proceedings is strong, the evidence Defendants contend warrants protection will not

---

[2] Plaintiff even concedes that the circumstances of this case warrant a protective order, albeit one "narrowly tailored" to cover only Plaintiff's medical and financial records. *See* ECF No. 36 at 4 n.2. Plaintiff's blatant attempt to have his cake and eat it too is not persuasive.

ORDER GRANTING MOTION FOR PROTECTIVE ORDER - 9

be of any particular interest to the public. Weighed against the harm that could result from the improper disclosure of those documents, the Court finds a protective order warranted.[3] *Id.*

**C.     With limited exception, the protective order is reasonable**

Having reviewed the provisions of Defendants' proposed protective order, the Court finds it reasonable and incorporates it by reference with one exception. A party wishing to file material under seal must provide "compelling reasons supported by specific factual findings" establishing that the need for confidentiality of the information contained in the proposed sealed document outweighs the public's interest in disclosure. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Read broadly, the proposed protective order permits either party to file material designated confidential under seal without leave of the Court. *See* ECF No. 33-1 at 11. That provision is unacceptable. Any party wishing to file material under seal shall file an appropriate motion and set out a sufficient justification overcoming the public's interest in the transparency of the judicial process.

---

[3] Plaintiff's request for an award of cost and fees incurred in briefing his opposition to Defendants' motion, *see* ECF No. 36 at 10, is **DENIED**. As an initial matter, Federal Rule of Civil Procedure 37(a)(5) does not appear to allow for such an award in connection with a motion for a protective order. In any event, the Court obviously disagrees that Defendants' motion was "not substantially justified."

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for a Protective Order, **ECF No. 33**, is **GRANTED**.

2. Defendants' proposed protective order, ECF No. 33-1, is **APPROVED IN PART** and **INCORPORATED BY REFERENCE IN PART** as described above.

    *A.* Any party wishing to file material under seal shall file an appropriate motion to seal and set out a sufficient justification.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 21st day of February 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge