FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAKE SHREVES,<br><br>        Plaintiff,<br><br>        v.<br><br>FRONTIER RAIL CORPORATION and YAKIMA CENTRAL RAILWAY CORPORATION,<br><br>        Defendants. | No.   1:19-cv-03012-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE DEPOSITIONS** |

In its first Rule 30(b)(6) deposition notice, Plaintiff Jake Shreves named Defendants Yakima Central Railway ("YCR") and Frontier Rail Corporation ("FRC") (collectively, Defendants) as the corporate deponents in this case and described with reasonable particularity the matters for examination. *See* ECF No. 87 at 2. Paul Didelius owns Defendants. *Id*. As such, Defendants designated him to testify on their behalf. *Id*. On July 21, 2020, Plaintiff's counsel took Mr. Didelius's depositions under Federal Rule of Civil Procedure 30(b)(6). *Id*. About five months later, Plaintiff served additional deposition notices on Defendants, which sought supplementary testimony from Defendants. *Id*.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE DEPOSITIONS – 1

Generally, if the parties have not stipulated to the deposition and the deponent has already been deposed in the case, the party seeking additional deposition testimony must obtain leave of the Court. Fed. R. Civ. P. 30(a)(2)(A)(ii). The parties disagreed about whether the additional notices served on Defendants required leave of the Court, sending emails outlining their respective legal arguments. *See generally* ECF Nos. 86, 92 & 98. In any event, to avoid this Court's involvement, Defendants ultimately stipulated to the additional Rule 30(b)(6) depositions, and the parties again conferred about the matters for examination.[1] Defendants served written objections on various proposed deposition topics. ECF No. 87-1.

About a month later, the parties met to conduct the additional depositions of Mr. Didelius yet a standoff arose about the scope of the depositions, which precipitated the instant motion. Defendants move for a protective order and to

---

[1] The parties disagree about whether they also stipulated to the matters for examination. *Compare* ECF No. 87 (Defendants' counsel's declaration) ("A telephone conference was held on or about January 8, 2021 with Plaintiff's counsel where a stipulation was reached on the depositions, specifically that Defendants would produce witnesses only if Plaintiff's counsel would not address topics that were covered in prior depositions. A stipulation was reached and Defendants permitted the additional FRCP 30(b)(6) depositions to move forward without requiring Plaintiff to file a motion for leave on the condition that the depositions be limited to topics not already covered in the previous depositions.") *with* ECF No. 93 at 3 (Plaintiff's counsel's declaration) ("While Ms. Terry and I generally discussed that the topics of the 30(b)(6) Notices were different than those covered in the first 30(b)(6) depositions of the Defendants, and that it was not my intention to cover any of the prior topics, there was no stipulation reached as to the scope of the depositions.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE
DEPOSITIONS – 2

terminate the additional Rule 30(b)(6) depositions. ECF No. 86. Defendants also request an award of attorney fees and costs incurred in briefing the motion. *Id*. at 11. Plaintiff opposes the motion, requests the depositions resume, and asks the Court to impose sanctions. ECF No. 92 at 10.

On the one hand, Defendants argue Plaintiff asked several of the same or similar questions, which, for example, called for legal conclusions or sought attorney-client privileged information. ECF No. 86 at 5–7. Defense counsel objected to all these questions and eventually terminated the depositions on the ground that Plaintiff's counsel conducted the depositions in bad faith or in a manner intended to unreasonably annoy, embarrass, or oppress Mr. Didelius. *See id*.

On the other hand, Plaintiff argues counsel repeatedly engaged in disruptive and improper conduct, including 117 total interjections, 65 objections, 44 instructions not to answer, and 16 suggestive/coaching objections. ECF No. 92 at 2. Plaintiff claims defense counsel violated the Federal Rules of Civil Procedure by engaging in this behavior. *See id*.

## DISCUSSION

**A.    Motion to Terminate**

    **1.    Timeliness**

To begin with, Plaintiff argues in opposition that Defendants' motion is untimely and should be denied. ECF No. 92 at 4–5. This Court agrees that

Defendants failed to timely move for a protective order and to terminate the depositions.

The Federal Rules of Civil Procedure provide: "At any time *during* a deposition, the deponent or a party may move to terminate . . . [and] [i]f the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Fed. R. Civ. P. 30(d)(3)(A) (emphasis added).

Plaintiff correctly notes that "Rule 30(d)(3) requires the motion be made during the deposition." *Mashiri v. Ocwen Loan Servicing, LLC*, No. 12CV2838-L MDD, 2014 WL 4608718, at *2 (S.D. Cal. Sept. 15, 2014); *McGowan v. Cnty. of Kern*, No. 115CV01365DADSKO, 2016 WL 7104170, at *4 n.5 (E.D. Cal. Dec. 5, 2016); *accord Holmes v. N. Texas Health Care Laundry Coop. Ass'n*, No. 3:15-CV-2117-L, 2016 WL 2609995, at *3 (N.D. Tex. May 6, 2016); *Kasparov v. Ambit Texas, LLC*, No. 3:16-CV-3206-G-BN, 2017 WL 4842350, at *7 (N.D. Tex. Oct. 26, 2017). Here, Defendants did not move to terminate or limit the questioning *during* the deposition; they filed their motion roughly ten business days later.

Although there is no controlling interpretation of what "the time necessary to obtain a court order" means, most district courts have interpreted that clause to mean an objecting party must seek a court order "immediately." *See, e.g., F.C.C. v. Mizuho Medy Co.*, 257 F.R.D. 679, 683 (S.D. Cal. 2009) (determining "FCC should have *immediately* moved for a protective order to comply with Rule 30(d)(3)"

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE DEPOSITIONS – 4

(emphasis added)); *Biovail Lab'ys, Inc. v. Anchen Pharm., Inc.*, 233 F.R.D. 648, 653 (C.D. Cal. 2006) (same); *accord Hearst/ABC-Viacom Ent. Servs. v. Goodway Mktg., Inc.*, 145 F.R.D. 59, 62 (E.D. Pa. 1992) ("If defense counsel believes that the deposition was being conducted in bad faith, or that [the deponent] was being unreasonably annoyed, embarrassed or harassed, again he should have suspended the deposition at that juncture, stated his complaints on the record, and applied *immediately* to the court for protection under Rule 30(d)." (emphasis added)). The Court finds this weight of authority persuasive.

Again, Defendants did not suspend the depositions and immediately contact the court to obtain a court order; instead, they unilaterally terminated the depositions and sought an order from the Court ten days later. *Cf. Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 526 (E.D. Pa. 1993) (contacting the Court during the deposition, so the Court could rule on an attorney-client privilege issue that arose during the deposition). This Court finds a ten-day suspension unnecessary because Defendants could have immediately contacted the Court during the depositions and obtained a ruling on the matter at that time.

Accordingly, Defendants' belated motions for a protective order and to terminate the depositions are untimely. That said, this Court will address the merits and resolve the discovery dispute.

//

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE DEPOSITIONS – 5

## 2. Merits of Defendants' Motion to Terminate

Defendants argue the depositions of YCR and FRC should be terminated or, in the alternative, request a protective order requiring Plaintiff to seek leave of the Court to conduct any future Rule 30(b)(6) deposition and prohibiting Plaintiff's counsel from asking questions (1) outside the topics provided in the deposition notice, (2) that seek information protected by the attorney-client privilege or the work-product doctrine, and (3) that seek legal conclusions or opinions. ECF No. 86 at 8–11; ECF No. 98 at 5–10.

During a deposition, a party must state their objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Generally, "instructions not to answer questions at a deposition are improper." *Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000). If a party believes a question is improper, the objection "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). A party "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Rule 30(d)(3), which governs motions to terminate or limit depositions, provides:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

Fed. R. Civ. P. 30(d)(3)(A). "The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending." Fed. R. Civ. P. 30(d)(3)(B).

### a.  Legal Conclusions

Defendants argue deposition questions which call for legal conclusions from a fact witness are improper and counsel may therefore instruct a deponent not to answer. ECF No. 86 at 10; ECF No. 98 at 7–8. Although asking a fact witness for a legal conclusion serves as a ground for objection, this Court disagrees that counsel may instruct the witness not to answer on that ground.

As stated above, "instructions not to answer questions at a deposition are [generally] improper." *Detoy*, 196 F.R.D. at 365. "The only exception to Rule 30(c) is where serious harm would be caused." *Id*. at 366. When a party deems a question posed during a deposition objectionable, the objection "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2); *see also In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 618 (D. Nev. 1998) (quoting the former version of the Rule for the same proposition).

Defendants rely on *Quiksilver, Inc. v. Kymsta Corp.*, 247 F.R.D. 579, 585 (C.D. Cal. 2007). In *Quiksilver*, defendant repeatedly asked questions of two

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE DEPOSITIONS – 7

1  percipient witnesses which sought their legal or expert opinions. *Id*. Plaintiff
2  objected on grounds that defendant's questions sought legal conclusions and
3  instructed the witnesses not to answer. *Id*. Relying on *United States v. Crawford*,
4  239 F.3d 1086, 1090 (9th Cir. 2001) and *Evangelista v. Inlandboatmen's Union of*
5  *Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985), the court determined plaintiffs
6  properly objected to the questions which called for legal conclusions, so it ruled that
7  the witnesses did not have to answer those questions. *Id*.

8        This Court disagrees with *Quiksilver*. Just because evidence may be
9  inadmissible at trial, as in *Crawford* and *Evangelista*, that does not mean that
10 counsel may instruct a deponent not to answer during a deposition. In the context
11 of a deposition, a question calling for a legal conclusion does not provide a basis
12 for counsel to instruct the deponent not to answer. *See* Fed. R. Civ. P. 30(c)(2) ("A
13 person may instruct a deponent not to answer *only* when necessary to preserve a
14 privilege, to enforce a limitation ordered by the court, or to present a motion under
15 Rule 30(d)(3)." (emphasis added)); *see also Carter v. Telecare Corp.*, No.
16 CV1810748RGKPLAX, 2019 WL 6703392, at *4 n.4 (C.D. Cal. Aug. 16, 2019)
17 (disagreeing with *Quiksilver* on this point). For these reasons, this Court concludes
18 that defense counsel's instructions to Mr. Didelius—not to answer Plaintiff's
19 questions on the ground that the question called for a legal conclusion—were
20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE
DEPOSITIONS – 8

improper.[2]

While defense counsel had no basis to instruct Mr. Didelius not to answer under Fed. R. Civ. P. 30(c)(2), this Court finds a Rule 30(b)(6) deposition an improper "vehicle for taking discovery into legal contentions." *Zeleny v. Newsom*, No. 17-CV-07357-RS (TSH), 2020 WL 3057467, at *2 (N.D. Cal. June 9, 2020) (citing *Lenz v. Universal Music Corp.*, No. C 07-03783 JF (PVT), 2010 WL 1610074, at *3 (N.D. Cal. April 20, 2010) (questions seeking legal conclusions are "an improper topic for a Rule 30(b)(6) deposition") and *3M Co. v. Kanbar*, No. C06-01225 JW (HRL), 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (same)).

As a result, this Court grants Defendants motion for a protective order and denies Plaintiff's cross-motion to resume the Rule 30(b)(6) depositions to discover Mr. Didelius's legal interpretations of federal railroad safety laws, regulations, negligence, recklessness, and the like.

---

[2] "[A] deponent may be questioned about any matter which is relevant to the litigation, which is not privileged, and the fact that the information sought may not ultimately be admissible does not mean that it is not discoverable." *Boyd v. Univ. of Md. Med. Sys.*, 173 F.R.D. 143, 147 (D. Md. 1997). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. So, while a party may ask questions which call for legal conclusions, "a Rule 30(b)(6) deponent's own interpretation of the facts or legal conclusions do not bind the entity." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1104 (9th Cir. 2018) (quoting 7 James Wm. Moore, et al., *Moore's Federal Practice* § 30.25[3] (3d ed. 2016)).

b.  **Attorney-Client Privilege and Work-Product Doctrine**

Defendants argue counsel properly instructed Mr. Didelius not to answer questions when necessary to preserve the attorney-client privilege or when the information requested was protected by the work-product doctrine. ECF No. 86 at 10–11; ECF No. 98 at 5–7. But because the questions posed did not seek privileged communications, this Court finds Defendants' argument erroneous.

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). The party claiming a privilege bears the burden of establishing the applicable privilege. *Id.* Under the attorney-client privilege, when "(1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *Id.* (quotation marks and citation omitted). Still, "[b]ecause it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (quotation marks and citation omitted). "Further, for the attorney-client privilege to apply, it is essential 'that the communication be made *in confidence* for the purpose of obtaining *legal* advice *from the lawyer*." *Adidas Am.,*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE DEPOSITIONS – 10

*Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 393 (D. Or. 2017) (quoting *United States v. Gurtner*, 474 F.2d 297, 298 (9th Cir. 1973) (emphasis in original)). The work-product doctrine 'is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *Id*. (quoting *Admiral Ins. Co. v. U.S. Dist. Court for the Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989)).

Take Defendants' first objection involving attorney-client privilege: Plaintiff asked, "What facts in response to the matters of examination that are listed in the deposition notice were provided to you by YCR attorneys?" ECF No. 87-4 at 5. Defendants responded, "Don't answer that question Attorney-client privilege." *Id*.; *see also id*. at 7 (same question and answer for FRC). But the question did not ask Mr. Didelius to reveal information about his confidential, privileged communications with counsel. *See id*. It simply asked which *facts* were provided to him by counsel. *See id*.

A corporate deponent "cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources." *See Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 541 (D. Nev. 2008) (quoting *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 529 (D. Kan. 2006)). "When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide

responsive underlying factual information even though such information was transmitted through or from corporate lawyers." *Sprint*, 236 F.R.D. at 529.

Moreover, "[t]he privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). And "a party cannot conceal a fact merely by revealing it to his lawyer." *Id*. at 365; *see also E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 433 (D. Nev. 2006) ("The attorney-client privilege does not prevent the disclosure [of] facts communicated to an attorney, and the work product doctrine does not prevent the disclosure [of] facts communicated by an attorney to a client that the attorney obtained from independent sources." (citing *Upjohn*, 449 U.S. at 395–96 and *Hickman v. Taylor*, 329 U.S. 495, 508 (1947)). Because this line of questioning sought facts, it did not invade the attorney-client privilege, and defense counsel's instruction to Mr. Didelius not to answer flouted Rule 30(c)(2).

Defense counsel also asked Mr. Didelius if he spoke with outside counsel to prepare his testimony; counsel again objected based on attorney-client privilege and instructed Mr. Didelius not to answer. ECF No. 87-4 at 6, 7. But the mere fact that Mr. Didelius spoke with outside counsel is not protected by attorney-client privilege, the content of the confidential communication giving legal advice is. *See, e.g.*, *Methode Elecs., Inc. v. Finisar Corp.*, 205 F.R.D. 552, 556 (N.D. Cal. 2001)

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE DEPOSITIONS – 12

("The attorney-client privilege extends to *communications* between client and attorney for the purpose of obtaining legal advice. It does not cover the fact (or not) of whether one sought legal advice.") (emphasis in original) (citation omitted)). This Court agrees with Plaintiff that it is clear from the questioning that Plaintiff's counsel sought only to know which "facts" were provided by counsel to Mr. Didelius in preparation for his 30(b)(6) testimony and whether he spoke with counsel to prepare his testimony. *See* ECF No. 92 at 7. These areas of inquiry were proper.

Accordingly, the Court will allow the depositions of Defendants to resume. The Court advises the parties to carefully review the controlling case law governing attorney-client privilege. If Plaintiff seeks privileged communications or if Defendant improperly disrupts the depositions by instructing Mr. Didelius not to answer questions related to the disclosure of the underlying facts, the Court may impose an appropriate sanction.

**B.    Sanctions**

Generally, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). That said, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE
DEPOSITIONS – 13

an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Because the Court grants in part and denies in part the motion as described above, it denies both parties' requests for reasonable expenses, including attorney fees or sanctions.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendants' Motions for a Protective Order and to Terminate Depositions, **ECF No. 86**, are **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

2.  Plaintiff may resume its Rule 30(b)(6) depositions of Defendants.

    A.  Plaintiff may reopen and resume the deposition of YCR only to obtain answers to the questions which defense counsel improperly claimed attorney-client privilege.

    B.  Plaintiff may resume the deposition of FRC in its entirety.

    C.  Mr. Didelius shall provide responsive underlying factual information even if such information was transmitted through or from Defendants' lawyers.

    D.  Mr. Didelius shall not refuse to disclose facts which his attorneys conveyed to him and which his attorneys obtained from independent sources.

    E.  Plaintiff shall not attempt to depose Mr. Didelius about

confidential attorney-client privileged communications.

  **F.** Plaintiff shall not attempt to depose Mr. Didelius about his legal interpretations of federal railroad safety laws, regulations, negligence, recklessness, and the like.

**3.** The parties' respective requests for reasonable expenses, including attorney fees or sanctions are both **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 23rd day of March 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO TERMINATE DEPOSITIONS – 15